DUANE MORRIS LLP
Lawrence J. Kotler, Esq.
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 689-4951 (facsimile)
      and
1540 Broadway
New York, NY 10036
(212) 692-1000
(212) 208-4521 (facsimile)

*Attorney for Plaintiff, Executive Sounding
Board Associates Inc., as Trustee for the
Oldco M Distribution Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| OLDCO M CORPORATION, (f/k/a Metaldyne Corporation), *et al.,* | : | Case No. 09-13412 (MG) |
| | : | Jointly Administered |
| EXECUTIVE SOUNDING BOARD ASSOCIATES INC., as Trustee for the Oldco M Distribution Trust, | : | |
| Plaintiff, | : | |
| vs. | : | Adversary Proc. No. [__]-[____] (MG) |
| City of New Castle Utilities, | : | |
| Defendant. | : | |

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Plaintiff, Executive Sounding Board Associates Inc. (the "Trustee" or "Plaintiff"), the

liquidating trustee of the Oldco M Distribution Trust (the "Trust") established pursuant to the

DM3\1778290.1

*Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession* (the "Plan") [Docket No. 1180], by and through its undersigned counsel, files this *Complaint to: (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (the "Complaint") against City of New Castle Utilities (the "Defendant") and, in support hereof, avers the following:

## NATURE OF THE PROCEEDING

1. This Complaint seeks to avoid and recover from the Defendant all of the preferential transfers of property that the Debtors (as defined herein) made for or on account of antecedent debt(s) due and owing the Defendant during the ninety-day period prior to the filing of the Debtors' bankruptcy cases (the "Preference Period").

2. In particular, Plaintiff seeks the entry of an Order from this Court: (a) avoiding and directing the return of the avoidable transfers (the "Transfers") identified in Exhibit "1" that were made by the Debtors (as defined herein) to the Defendant in payment of antecedent debts based upon the invoices identified therein; and (b) disallowing any Claim[1] unless and until the Transfers are remitted to the Trustee.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding is brought pursuant to Rule 7001, *et seq.*, of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 502(d), 547 and 550.

---

[1] To the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or their substantively consolidated estate (collectively, a "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claim for any reason, including, but not limited to, Section 502(a) through (j) of the Bankruptcy Code (as defined herein), and such rights are expressly reserved. Notwithstanding this reservation of rights, Plaintiff, as set forth herein, does object to the Claim pursuant to Section 502(d) of the Bankruptcy Code.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case under 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

6. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O).

**BACKGROUND**

7. On May 27, 2009 (the "Petition Date"), Oldco M Corporation (f/k/a Metaldyne Corporation) and 30 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").

8. By an order entered on May 29, 2009, the Debtors' chapter 11 cases were consolidated for procedural purposes and thereafter were jointly administered [Docket No. 65].

9. Before the Petition Date, the Debtors were leading global manufacturers of highly engineered metal components for the global light vehicle market. Their largest customers were Ford Motor Company, Chrysler LLC and its successor, Chrysler Group LLC, and General Motors Corporation and its successor, General Motors Company.

10. Due to a dramatic downturn in the global automotive industry and liquidity pressures stemming from industry stresses, issues with the Debtors' capital structure, and the reluctance of lenders to provide capital to automotive suppliers, the Debtors filed for bankruptcy.

11. Subsequent to the Petition Date, the Bankruptcy Court, in July 2009, approved bidding procedures (the "Bidding Procedures") for the marketing and sale of the majority of the Debtors' assets.

12. Following an auction conducted pursuant to the Bidding Procedures, MD Investors Corporation ("MD Investors") was determined to be the winning bidder and the Debtors and MD Investors entered into a Purchase Agreement, dated as of August 7, 2009 (the "Purchase Agreement").

13. Pursuant to the Purchase Agreement, the Debtors agreed to sell and MD Investors agreed to buy a majority of the Debtors' assets. In addition, MD Investors also agreed to assume certain liabilities and obligations of the Debtors (the "Asset Sale").

14. On August 12, 2009, the Bankruptcy Court issued an order authorizing the Asset Sale under section 363 of the Bankruptcy Code [Docket No. 674].

15. On January 11, 2010, the Debtors filed the Plan and related disclosure statement. The Plan is a liquidating plan which provides for the liquidation of the Debtors' remaining assets in order to maximize the ultimate recovery by all creditors.

16. On February 23, 2010, the Court entered an Order confirming the Plan (the "Confirmation Order") [Docket No. 1384] and substantively consolidated these bankruptcy estates into one consolidated estate.

17. On March 30, 2010, the Plan became effective (the "Effective Date").

18. Pursuant to the Plan, as of the Effective Date, the Debtors were dissolved and the Oldco M Distribution Trust was created in order to, *inter alia*: (i) liquidate the Debtors' remaining assets (including any claims and causes of action possessed by the Debtors);[2] (ii)

---

[2] Pursuant to the Plan, the Distribution Trust was empowered to "pursue Recovery Actions that are transferred to the Distribution Trust to the extent that their pursuit would likely result in a material economic benefit to creditors classified in Class 3 and Class 4 hereunder, as determined by the Oversight Committee, in its sole discretion." Plan, Article III.C.1. "Recovery Actions" are defined in the Plan as "all claims and causes of action held by the Debtors' Estates of any nature, including without limitation claims and causes of action under sections 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, and any other avoidance or similar action under the Bankruptcy Code or similar state law, and the proceeds thereof, whether received by judgment, settlement or otherwise."

litigate and resolve claims filed against the Debtors' estates; (iii) make distributions to creditors; and (iv) take other actions permitted by Section III.C of the Plan.

19. Notwithstanding the Asset Sale and MD Investors' assumption of certain of the Debtors' liabilities and obligations, significant unsecured claims exist against the Debtors' estate.

20. As of the date of this Complaint, the unsecured claims listed on the Debtors' claim register total approximately $353 million.

21. Indeed, as set forth more fully in the Plan and accompanying disclosure statement, the Debtors' general unsecured creditors will not receive full value on account of their claims against the Debtors.

## PARTIES

22. Plaintiff is the Trustee of the Trust established pursuant to the Plan.

23. Defendant is a municipal entity that maintains a place of business at 227 North Main Street, New Castle, Indiana 47362.

24. Upon information and belief, Defendant is a water and sewer utility company.

## COUNT I
### (Avoidance and Recovery of Preferential Transfers)

25. The allegations set forth in paragraphs 1 through 24 are realleged and incorporated by reference as if fully set forth herein.

26. Before the Petition Date, the Defendant provided water and sewer services (the "Services") to the Debtors.

DM3\1778290.1

27. On or within the ninety (90) days prior to the Petition Date, one or more of the Debtors made the Transfers to the Defendant as reflected on Exhibit 1 attached hereto and incorporated herein by reference.[3]

28. All of the Transfers were made by or on behalf of one or more of the Debtors and came from an account or accounts owned by one or more of the Debtors. Thus, the Transfers constituted a transfer of the Debtors' interest in property.

29. At the time the Transfers were made, the Debtors were insolvent.

30. Each of the Transfers listed on Exhibit 1 was on account of an invoice or invoices for the Services provided by the Defendant to the Debtors. These invoices are also identified on Exhibit 1.

31. In exchange for the provision of these Services, the Debtors would owe money to the Defendant on account thereof.

32. Thus, the Transfers reflected on Exhibit 1 were transfers made by the Debtors on account of "antecedent debt" which the Debtors owed to the Defendant in exchange for the Defendant's provision of the Services prior to the date each Transfer was made.

33. All of the Transfers were made to or for the benefit of the Defendant.

34. In these Bankruptcy Cases, the Debtors' unsecured creditors will not receive payment in full on account of their claims against the Debtors; in fact, according to the disclosure statement, unsecured creditors are expected to receive at most 2.1% of the value of their claims.

---

[3] Exhibit 1 reflects Plaintiff's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the Preference Period, and includes the date and amount of each such Transfer. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit 1 or not. Accordingly, Plaintiff reserves its rights to supplement and/or amend this information as necessary and appropriate.

35. Thus, the Transfers enabled Defendant to receive more than it would have received if: (a) the Debtors' bankruptcy cases were administered under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

36. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Bankruptcy Code section 547(b) and, as such, they are recoverable from Defendant pursuant to Bankruptcy Code section 550(a).

## COUNT II
### (Recovery of Avoided transfers-11 U.S.C. § 550)

37. The allegations set forth in paragraphs 1 through 36 are realleged and incorporated by reference as if fully set forth herein.

38. Based upon the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Bankruptcy Code section 547(b).

39. As set forth on Exhibit 1, the Defendant was the initial transferee of the Transfers and is liable for the return of the Transfers (or the amount thereof).

40. Pursuant to Bankruptcy Code section 550(a), the Plaintiff is entitled to recover from the Defendant the Transfers or the amount thereof plus interest thereon to the date of payment as well as costs of this action.

## COUNT III
### (Disallowance of Claims)

41. The allegations set forth in paragraphs 1 through 40 are realleged and incorporated by reference as if fully set forth herein.

42. The Defendant is the recipient of the Transfers, which are avoidable and recoverable under sections 547 and 550 of the Bankruptcy Code.

43. Despite Plaintiff's demands, the Defendant has neither returned the Transfers to Plaintiff nor has the Defendant paid the amount of the Transfers, for which the Defendant is liable pursuant to Bankruptcy Code section 550.

44. On October 21, 2009, the Defendant filed a proof of claim in the total amount of $54,103.97.

45. Pursuant to Bankruptcy Code section 502(d), any and all Claims of the Defendant must be disallowed unless and until Defendant returns the Transfers to Plaintiff or pays to Plaintiff the amount of the Transfers.

46. Pursuant to Bankruptcy Code section 502(j), any and all Claims of the Defendant (or any assignee) that have been previously allowed by the Debtors or the Plaintiff must be reconsidered and disallowed unless and until Defendant returns the Transfers to Plaintiff or pays to Plaintiff the amount of the Transfers.

WHEREFORE, Plaintiff respectfully requests entry of judgment on its Complaint as follows:

a) On Count I, in favor of Plaintiff and against Defendant avoiding the Transfers;

b) On Count II, in favor of Plaintiff and against the Defendant and directing the Defendant to return to the Plaintiff the amount of the Transfers pursuant to Bankruptcy Code §§ 547(b) and 550(a);

c) On Count III, in favor of Plaintiff and against Defendant disallowing the Claims unless and until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) of the Bankruptcy Code;

d) Awarding pre-judgment and post judgment interest at the maximum legal rate from the date of judgment herein until the date the judgment is either paid in full or otherwise

8
DM3\1778290.1

satisfied, together with the costs and expenses of this action, including, without limitation, attorneys' fees; and

e) Granting such other and further relief as this Court may deem just and proper.


DATED: May 20, 2011                                    DUANE MORRIS LLP



By: */s/Lawrence J. Kotler*
Lawrence J. Kotler, Esq.
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000
(215) 689-4951 (facsimile)
    and
1540 Broadway
New York, NY 10036
(212) 692-1000
(212) 208-4521 (facsimile)

*Attorney for Plaintiff, Executive Sounding Board Associates Inc., as Trustee for the Oldco M Distribution Trust*

# Exhibit 1

**Exhibit 1**

| Plant Number | Debtor Entity Transferor | Payee Number | Supplier Number | Transferee | Payment Number | Check Date | Invoice Number | Check Amount | Invoice Amount |
|---|---|---|---|---|---|---|---|---|---|
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 235621 | 3/12/2009 | 1394857 | $ 6,140.17 | $ 87.88 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 235621 | 3/12/2009 | 1394859 | $ 6,140.17 | $ 175.76 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 235621 | 3/12/2009 | 1394861 | $ 6,140.17 | $ 2,687.84 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 235621 | 3/12/2009 | 1394863 | $ 6,140.17 | $ 3,188.69 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401171 | $ 6,426.48 | $ 197.48 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401172 | $ 6,426.48 | $ 148.11 |
| 004162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401173 | $ 6,426.48 | $ 394.96 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401175 | $ 6,426.48 | $ 175.76 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401176 | $ 6,426.48 | $ 87.88 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401177 | $ 6,426.48 | $ 2,339.20 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236024 | 4/9/2009 | 1401178 | $ 6,426.48 | $ 3,083.09 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407754 | $ 6,800.80 | $ 87.88 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407755 | $ 6,800.80 | $ 197.48 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407756 | $ 6,800.80 | $ 148.11 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407757 | $ 6,800.80 | $ 394.96 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407758 | $ 6,800.80 | $ 175.76 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407759 | $ 6,800.80 | $ 2,610.32 |
| 00162 | NC-M Chassis Systems, LLC | 149720 | 149720 | City of New Castle Utilities | 236356 | 5/13/2009 | 1407760 | $ 6,800.80 | $ 3,186.29 |
| | | | | | | | **Total Amount of Transfers:** | **$ 19,367.45** | |